```
                                                                    C/M
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
WALTER K. HURDLE,                                            :
                              Plaintiff,                     :
                                                             :
                - against -                                  :
                                                             :  **MEMORANDUM DECISION**
                                                             :  **AND ORDER TO SHOW CAUSE**
SERGEANT JOHN PAGNOTTA; POLICE                               :
OFFICER BRIAN HEEREY; POLICE OFFICER                         :
CHRISTOPHER MULLANE; POLICE OFFICER                          :  16 Civ. 4186 (BMC)
MICHAEL DEBONIS; POLICE OFFICER                              :
JOSEPH JORDAN; SEAN BEATON, NYS                              :
Department of Motor Vehicles Employee;                       :
PATRICIA THEODOROU, Assistant District                       :
Attorney; RICHARD BROWN, Queens District                     :
Attorney,                                                    :
                                                             :
                              Defendants.                    :
                                                             :
------------------------------------------------------------ X
```

COGAN, District Judge.

Plaintiff Walter K. Hurdle, currently on parole supervision, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, plaintiff's claims against Richard Brown, Patricia Theodorou, and Sean Beaton are dismissed. Plaintiff's claims against Sergeant John Pagnotta, Police Officer Brian Heerey, Police Officer Christopher Mulane, Police Officer Michael Debonis, and Police Officer Joseph Jordan are dismissed in part, and plaintiff is ordered to show cause why the surviving portion of those claims should not be dismissed as time-barred.

## BACKGROUND

This Court is familiar with the facts giving rise to this lawsuit as it previously denied plaintiff's petition for a writ of habeas corpus under 28 U.S.C. § 2254(d). See Hurdle v. Sheahan,

1

No. 13 Civ. 6862, 2013 WL 6859866 (E.D.N.Y. Dec. 30, 2013). The Court takes judicial notice of those proceedings, see Infanti v. Scharpf, No. 06 Civ. 65452, 2012 WL 511568, *2 (E.D.N.Y. Feb. 5, 2012), as the present lawsuit arises out of the same incident that formed the basis of his habeas corpus petition.

Four police officers, including defendant Sergeant John Pagnotta, were on patrol in their police car. The police car pulled alongside of plaintiff's truck, and then moved in front of it in a blocking position. Pagnotta exited the police car, approached plaintiff's truck on foot, and, after a verbal exchange, directed plaintiff to exit the truck. Instead, plaintiff floored the gas pedal, hitting the police car in front of him, which swung to the side of plaintiff's truck and crushed Pagnotta between the two vehicles. Plaintiff continued to accelerate, dragging Pagnotta with him for 10 or 20 feet as he remained stuck between the truck's door and door jamb, until Pagnotta was flung free from plaintiff's truck when plaintiff made a right turn. Pagnotta was grievously injured; plaintiff voluntarily surrendered the next day.

Plaintiff was charged with four counts: (1) Assault in the First Degree; (2) Assault on a Police Officer; (3) Assault in the Second Degree; and (4) Reckless Driving. (The first two of these counts will be referred to below as the "top counts," and the last two as the "bottom counts.") The jury convicted him on all four counts, rejecting his testimony that he did not believe that Pagnotta and his associates were police officers and that he thought he was being set up. He was sentenced to concurrent terms of twenty years for the first degree assault; fifteen years for the assault on a police officer; seven years for second degree assault; and one year for reckless driving.

With regard to plaintiff's challenge to the top counts (the first degree assault count and the assault on a police officer count), the Appellate Division reversed plaintiff's conviction and dismissed both counts. As to the first degree assault charge, it held that "there is simply no 'valid

2

line of reasoning and permissible inferences [that] could lead a rational person to the conclusion' that the defendant acted with depraved indifference when he caused the injuries to Sergeant Pagnotta." People v. Hurdle, 106 A.D.3d 1100, 1101, 965 N.Y.S.2d 626, 628-29 (2nd Dep't), leave to appeal den., 22 N.Y.3d 956, 977 N.Y.S.2d 187 (2013) (table), corrected order, 22 N.Y.3d 996, 981 N.Y.S.2d 2 (Nov. 18, 2013) (table). As to the assault on a police officer charge, the Appellate Division held that "the police lacked reasonable suspicion, which is required to make a car stop," and, thus, the evidence was legally insufficient to show an essential element for proving assault on a police officer: that Pagnotta "was engaged in a lawful duty at the time of the assault by defendant." Id. at 1103-04, 965 N.Y.S.2d at 631 (citation omitted). In sum, the Appellate Division held that the police had stopped plaintiff's car without reasonable suspicion, but he had then assaulted Officer Pagnotta with his car without justification and had engaged in reckless driving. The net effect of this decision, vacating the conviction on the top counts but maintaining it on the bottom counts, was that plaintiff's sentence was reduced from twenty years to seven years.

Having served the custodial portion of his sentence, plaintiff now brings this action, alleging that Sergeant Pagnotta and Police Officers Brian Heerey, Christopher Mulane and Michael Debonis (the "Police Defendants") falsely arrested him in violation of the Fourth Amendment and Fourteenth Amendments. He further alleges that Detective Jordan withheld exculpatory information. Plaintiff also brings claims under the Due Process Clause of the Fourteenth Amendment against Sean Beaton, a New York State Department of Motor Vehicles employee, who plaintiff alleges knowingly offered perjured testimony before the grand jury in his case. Plaintiff further alleges that Assistant District Attorney Patricia Theodorou violated his rights "by encouraging, and failing to disclose exculpatory material relevant to the case, and to correct DMV employee Sean Beaton's false testimony before the grand jury." Plaintiff seeks $50,000,000 in

damages.

## DISCUSSION

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). However, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

In order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir.1994) (citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id. Section 1983 "does not create a federal right or benefit; it simply provides a mechanism for enforcing a right or benefit established elsewhere." Morris–Hayes v. Bd. of Educ. of Chester Union Free Sch. Dist., 423 F.3d 153, 159 (2d Cir. 2005) (citing Okla. City v. Tuttle, 471 U.S. 808, 816 (1985)).

Claims Against District Attorney Brown

Although plaintiff names Queens County District Attorney Richard A. Brown as a defendant, he does not sufficiently allege that Mr. Brown was personally involved in the alleged deprivation of his civil rights. In a civil rights action for monetary damages, a plaintiff must demonstrate the defendant's direct or personal involvement in the actions which are alleged to have caused the constitutional deprivation. Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006); Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1991); Holmes v. Kelly, No. 13 Civ. 3122, 2014 WL 3725844, at *2 (E.D.N.Y. July 25, 2014); Kneitel v. Hynes, No. 11 Civ. 2883, 2011 WL 2747668, at *2 (E.D.N.Y. July 13, 2011). A plaintiff must "allege a tangible connection between the acts of the defendant and the injuries suffered." Bass v. Jackson, 790 F.2d 260, 263 (2d Cir. 1986).

In addition, liability under § 1983 cannot be generally imposed on a supervisor solely based on his position because there is no respondeat superior or vicarious liability under § 1983. See, e.g., Iqbal, 556 U.S. 676 ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003); King v. Warden, No. 13 Civ. 5307, 2013 WL 5652756, at *2 (E.D.N.Y. Oct. 11, 2013). Here, plaintiff fails to allege facts plausibly suggesting that Queens District Attorney Richard Brown had any direct involvement with, knowledge of, or responsibility for the alleged deprivation of plaintiff's civil rights to make him liable under § 1983.

Claims ADA Theodurou

Plaintiff's claims against Queens County Assistant District Attorney Patricia Theodurou are likewise dismissed as it is "well established that a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit

for damages under § 1983." Shmueli v. City of New York, 424 F.3d 231, 236 (2d Cir. 2005) (internal quotations omitted). Here, plaintiff asserts that Assistant District Attorney Theodurou "should have known Sean Beaton's testimony concerning [p]laintiff's driving privileges was false." However, "[p]rosecutorial immunity from § 1983 liability is broadly defined, covering virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate." Hill v. City of New York, 45 F.3d 653, 661 (2d Cir. 1995) (internal quotations and citations omitted). Absolute immunity for prosecutorial acts can be defeated only if the prosecutor is alleged to have acted in the complete absence of jurisdiction, which is not the case here. Shmueli, 424 F.3d at 237. See also Buckley v. Fitzsimmons, 509 U.S. 259, 274 n. 5 (1993) (acknowledging that absolute immunity shields "prosecutor's decision to bring an indictment, whether he has probable cause or not").

Claims Against Sean Beaton

Further, plaintiff's claims against grand jury witness Sean Beaton also fail. "[A] grand jury witness has absolute immunity from any § 1983 claim based on the witness' testimony. In addition, ... this rule may not be circumvented by claiming that a grand jury witness conspired to present false testimony or by using evidence of the witness' testimony to support any other §1983 claim concerning the initiation or maintenance of a prosecution." Rehberg v. Paulk, __U.S.__, 132 S. Ct. 1497 (2012). See Coggins v. Buonora, 776 F.3d 108, 113-14 (2d Cir. 2015). Thus, plaintiff's claims against Sean Beaton must be dismissed.

Claims Against the Police Defendants

Plaintiff's false arrest and imprisonment claim against the police officers suffers from two infirmities, the first of which bars it in part, and the second of which appears to bar it entirely.

6

First, in Heck v. Humphrey, 522 U.S. 477, 114 S. Ct. 2364 (1994), the Supreme Court held that damages cannot be recovered under § 1983 as the result of an unconstitutional imprisonment, conviction, or other harm unless the conviction is first set aside as unconstitutional. It is true that plaintiff obtained vacatur of the top counts, but his prosecution, conviction and imprisonment was also based just as much on the bottom counts. He served no time on his top counts that was not equally attributable to his bottom counts. To compensate him for the time he spent being in custody would undermine a valid, outstanding state court conviction, and that is not permitted by Heck. His complaint makes this clear: he seeks to challenge "the constitutionality of his confinement for the past 114 months." But his confinement for that entire period was pursuant to a still-valid judgment of the New York courts. Thus, to the extent that plaintiff is seeking damages for the period of his custody, his claim is dismissed – with one small exception.

Heck does not bar plaintiff's claim for damages for the false arrest and detention from the time his car was pulled over until he assaulted Sgt. Pagnotta – the few minutes or seconds, or however long that was. The state courts have invalidated that portion of his conviction that was based on the finding of a valid stop. They have upheld his conviction from the moment he recklessly sped away, assaulting Sgt. Pagnotta in the process. By obtaining a vacatur of his conviction on the top counts, plaintiff is free under Heck to pursue a claim for damages for false arrest and detention for that period. That claim may be *de minimis*, but it is not barred by Heck.

Nevertheless, although plaintiff does not have a Heck problem for that brief period, his surviving claim appears to be time-barred under Wallace v. Kato, 549 U.S. 384, 127 S. Ct. 1091 (2007). In that case, the Supreme Court held that the statute of limitations on a false arrest and imprisonment claim "begins to run when the alleged false imprisonment ends." Wallace makes

7

it clear that this is not when plaintiff's conviction on the top counts was overturned; rather, because a false arrest means an arrest without legal process, the statute begins to run "once the victim becomes held *pursuant to such process* – when, for example, he is bound over by a magistrate or arraigned on charges." Id. at 389, 127 S. Ct. at 1096. This is because "many violations of constitutional rights, even during the criminal process, may be remedied without impugning the validity of a conviction." Poventud v. City of New York, 750 F.3d 121, 132 (2d Cir. 2015) (*en banc*).

Although Wallace involved a false arrest claim, courts have considered it only a "modest leap" to apply it to the search and seizure context. See Mallard v. Potenza, No. 94 Civ. 223, 2007 WL 4198246, at *3 (E.D.N.Y. Nov. 21, 2007). Courts considering similar sets of facts have therefore held that a plaintiff's claim is time-barred if the plaintiff had a complete and present cause of action but waited until the reversal or vacatur of the underlying conviction to bring the claim. See McClanahan v. Kelly, No. 12 Civ. 5326, 2014 WL 1317612, at *4 (S.D.N.Y. March 31, 2014) (holding that the plaintiff's unlawful search and excessive force claims were time barred because his claims accrued at the time of the search and use of force, not when the charges against him were dismissed); Spencer v. Conn., 560 F. Supp. 2d 153, 159 (D. Conn. 2008) (holding there was no deferred accrual on plaintiff's unlawful search claim even though his conviction was reversed four years after his allegedly unlawful seizure).

Here, plaintiff was arraigned in January, 2007. That was when his statute of limitations on any false arrest claim began to run. He did not commence this action until July, 2016. The statute of limitations under § 1983 is three years. See Milan v. Wertheimer, 808 F.3d 961, 963 (2d Cir. 2015). His claim appears to be time barred by more than six years.

Under extraordinary circumstances, the statute of limitations for a § 1983 claim can be

equitably tolled. See Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." A.Q.C. ex rel. Castillo v. United States, 656 F.3d 135, 144 (2d Cir. 2011) (internal quotation marks omitted). The Second Circuit has explained that the type of situation warranting equitable tolling is one "where a plaintiff could show that it would have been impossible for a reasonably prudent person to learn about his or her cause of action." Pearl v. City of Long Beach, 296 F.3d 76, 85 (2d Cir. 2002).

There is nothing in the complaint and no facts known to this Court from the prior habeas corpus case to suggest that plaintiff can meet this difficult standard. Certainly, plaintiff has demonstrated his ability to mount extensive litigation despite being in custody. Nevertheless, the Second Circuit has cautioned that, despite the obligation of district courts under 28 U.S.C. § 1915 to dismiss cases that fail to state a claim *sua sponte*, *pro se* plaintiffs must be given the opportunity to demonstrate grounds for equitable tolling before a complaint is dismissed on the basis of the statute of limitations. See Abbas v. Dixon, 480 F.3d 636 (2d Cir. 2007); see also Perez v. Cuomo, No. 09 Civ. 1109, 2009 WL 1046137, at *6 (E.D.N.Y. April 17, 2009). Accordingly, plaintiff is ORDERED TO SHOW CAUSE within 20 days why his claims against the Police Defendants should not be dismissed as time-barred.

## CONCLUSION

Plaintiff's claims against Richard Brown, Patricia Theodorou and Sean Beaton are dismissed. Plaintiff's claims for false arrest against the Police Defendants are dismissed to the extent he seeks recovery for the period of his detention, except for that portion of the claim that seeks recovery from the time he was stopped until the time he sped away. As to that portion of his

claim against the Police Defendants, plaintiff shall show cause within 20 days why it should not be dismissed as time-barred. Should plaintiff fail to show cause within this period, the case will be dismissed.

No summonses shall issue as to these defendants and the Clerk of Court is directed to amend the caption to reflect the dismissal of defendants Richard Brown, Patricia Theodorou and Sean Beaton.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 269 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                    U.S.D.J.

Dated: Brooklyn, New York
        August 5, 2016